Plaintiff instituted this suit seeking to recover $150, the alleged value of a mule he contends was killed by a train operated by defendant. He alleged the mule was killed during the night of May 3, 1940. This suit was filed on May 2, 1941.
In answer to the suit defendant denied all the allegations of plaintiff's petition. The lower court awarded plaintiff judgment as prayed for.
The record discloses that the right of way of defendant is not fenced at the point of the alleged accident, which was in the Village of Pioneer, Louisiana, and that the mule was found dead on the east side of the track of defendant approximately thirty to forty feet from the track; and that the track is on an embankment at that place approximately six feet in height. There is a paved highway paralleling the track on its west side.
The train which plaintiff claims killed his mule passed through the Village of Pioneer between ten and ten-thirty P.M. on May 3, 1940 and it was a regular passenger train which had been routed over this branch line of defendant, due to a wreck which blocked the main line. The usual speed on the main line (which did not pass through Pioneer) for this class of train was fifty to sixty miles per hour, but due to the condition of the track on this branch line the maximum speed allowed was thirty-five miles per hour and when the train passed through Pioneer on the night of May 3, 1940, it was traveling at a rate of speed of thirty miles per hour. The whistle on the train was not blown, the bell was not rung and no signal or warning of any kind was given by the train crew, as is usually done whenever stock is discovered on the track. The speed of the train was not reduced and it continued its course through the Village of Pioneer without stopping.
Under Section 1 of Act No. 70 of 1886, plaintiff, in order to make out a prima facie case where stock is killed by a train and the right of way is not fenced, has only to prove that his stock was killed by defendant's train. Such proof must clearly establish that defendant's train killed his stock.
In the case at bar plaintiff has attempted to establish that fact by one W.H. Wilson who testified that he saw the engine of the train strike plaintiff's mule, and by other witnesses who testified they heard the sound made by the impact. The defendant offered the engineer and fireman who swore they were keeping a close lookout, due to the fact they had not been over this branch line in fifteen years and were unfamiliar with it and both are positive they saw no stock on the track on the night of May 3, 1940, and are very positive that plaintiff's mule was not struck by their locomotive.
There are many things shown by this record which convince us that the train did not strike the mule and that the testimony of the engineer and fireman is correct. We will point out some of it.
W.H. Wilson is a negro who testified he had known plaintiff for thirty years. He *Page 87 
knew the mule was owned by plaintiff and that he drove the mule and a horse, both of which he knew belonged to plaintiff, across the railroad track and off the highway because he thought they might get run over by a car. He knew they belonged in plaintiff's pasture, which was nearby and on the opposite side of the track to where he drove them. Very soon thereafter they started back across the track. He was still only twenty-five to forty feet from the track. He heard and saw the train coming and stopped to watch it pass and as it passed is when he says the locomotive struck the mule, which was in the center of the track, and knocked it down the embankment some thirty-five to forty feet distant. He was unable to tell whether the train was a passenger train or freight or of how many cars or coaches it consisted. At one place in his testimony he says it consisted of from eight to ten cars and in another that it consisted of the two coaches. Wilson swears he did not tell anyone about seeing plaintiff's mule killed until about one or one and one-half months afterward when he told plaintiff.
Plaintiff did not make any claim against the defendant for the alleged killing of his mule until April 15, 1941, nearly eleven and one-half months after the death of the mule and did not list this eyewitness Wilson as one of his witnesses or informants, but he listed two other men. The case was not tried until June, 1942, at which time Wilson was a star witness. The other witnesses offered by plaintiff to prove the mule was struck by the train were several hundred yards away from the alleged scene of the accident, either inside of or behind the buildings. Several of these witnesses testified they heard the train pass and heard the noise as it struck something, however, it did not impress any of them enough to cause them to investigate. We are satisfied in our mind that these witnesses could not have heard the noise made by the impact if the locomotive had struck the mule.
The section foreman on finding the dead mule on May 4, 1940, made an investigation to find out if it had been killed by a train and convinced himself it had not. His investigation was made in order to know whether it was his duty to bury the mule or not. The Railroad Company or its agents or employees had nothing to do with the removal and burial of the mule. The section foreman failed to find any blood, hair or hoof prints on the track or right of way after a diligent search. He failed to find where any animal had scuffled or where any vegetation had been knocked or beaten down.
There is another fact which shows strongly that the mule was not struck by the train. There was only one wound on the animal and it consisted of a bruised or cut place high up on its left side. It was estimated to be about the size of the palm of one's hand or of two hands. There was very little blood around or near where the mule was found and no indication that it had struggled. It would be difficult for us to believe that the train, moving at thirty miles per hour, could have struck the mule while it was in the center of the track and not have left more visible signs of injury on the mule or that it would have knocked it through the air thirty or forty feet. It is not within our province to guess how the mule came to its death but we are convinced from the testimony in the record that plaintiff has failed to prove that the mule was struck or killed by defendant's train.
The judgment of the lower court is therefore erroneous and is now reversed and the demands of the plaintiff rejected at his costs.